Loring, J.,
delivered the opinion of the Court.
The petitioner alleges that her intestate, General Gratiot, was illegally dismissed from the army by the President of the United States on the 4th December, 1S3S, under the statutes of 1828, c. 2, and 1806, c. 20, art. 39, and 1823, c. 9; and on the ground that such dismissal was void, she claims the pay and emoluments pertaining to the rank of General Gratiot from his dismissal, December 4,1838, until his death, on the 18th May, 1855.
The act of 1806, c. 20, art. 39, is applicable only to officers convicted by courts-martial of embezzling or .misapplying the public funds. The statute of 1828 merely prescribes the sequestration of the pay of au officer in arrears to the United States. Its purpose is the indemnification of the United States against a pecuniary loss; and it does not preclude any punishment of the officer authorized by military law in the circumstances of his case.. And neither of these statutes was applied to the case of General Gratiot in the order for Ms dismissal.
The act of 1823 authorizes the President to dismiss an officer who fails to render his accounts quarter-yearly. And the petitioner claims to have proved that General Gratiot was not in default under this statute, and therefore was not subject to its penalty. But the order of the President specifies two defaults as the grounds of dismissal: the one a default under the act of 1823; the other, the disobedience of an order to pay over a balance in his hands. And the petitioner states that the order was absolute and for the payment of the money within a specified time. Now, an order to pay over a sum of money within a specified time does not necessarily imply either embezzlement or misapplication ; for to retain money is not to apply it to one’s own use or to any other. And to the claim of the petitioner it is objected by the Deputy Solicitor that the power of the President to dismiss an officer of the army is discretionary, and that his action cannot he reviewed here. We think the objection conclusive, and fully sustained by the . authority cited for it — Story’s Com. on the Constitution, § 1537.
Justice Story says as follows : “ As, however, the tenure of office of no officers except those in the judicial department is, by the Constitution, provided to he during good behavior, it follows by irresistible inference that all others must hold their offices during pleasure, unless *260 Congress shall have given, some other duration to their office.” He then gives the history of the power of removal, and of the question whether such power should be exercised by the President and Senate, or by the President alone; and. he states the fact that in 1789 Congress affirmed the power in the President alone. This power in the President has never been questioned since, either as to civil or military officers; and as to the latter, it has always been considered especially proper and necessary, and it is declared in their commission.
Mr. J. S. Tyson for the claimant.
Mr. J. B. Kerr, Deputy Solicitor, for the government.
Judgment is to be entered for the defendants.